United States Bankruptcy Court
WESTERN DISTRICT OF KENTUCKY, LOUISVILLE DIVISION

In re **MARY THERESA GRAVEL**  Case No. 11-30002
Chapter 13

ORIGINAL
**CHAPTER 13 PLAN**

1. Payments to Trustee: The future earnings or other income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$240** per month for **60** months.

   Total of plan payments: **$14,400.**

2. Plan Length: This plan is estimated to be for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code of this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") form whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof off claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses:

      (1) Trustee's Fee: 3.50%

      (2) Attorney's Fee: As awarded by Court and paid through Chapter 13 Plan.

      (3) Filing Fee: to be paid by Debtor, outside of plan, before 2/17/11.

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition support obligations directly to the holder of the claim.

(b) The name(s) and address(es) of the holder on any domestic support obligation are as follows. See, 11 U.S.C. §§ 101(14A) and 1302(b)(6).

NONE

(c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
NONE

(d) Pursuant to § § 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

Claimant and proposed treatment: NONE

(2) Other Priority Claims.

**NONE.**

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount on the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

NONE

(2) Secured Debts Which Will Not Extend Beyond Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured claim or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate |
|---|---|---|---|
| NONE | | | |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if

allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

    (3)    Secured Debts Which Will Extend Beyond the Life of the Plan

Wells Fargo                  First Mortgage

    d.    Unsecured Claims

   (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

   (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **10 cents** on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors.
The total payout to unsecured creditors is **$2,671.**

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name | Amount of Default to be Cured | Interest Rate |
|---|---|---|
| Wells Fargo | 2,715.90 | NONE |
| Condo Association | 352 | NONE |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount | Description | Interest Rate |
|---|---|---|---|
| Wells Fargo | 905.30 | First Mortgage& taxes/insurance | contract |
| Banc One | contract | Second Mortgage | contract |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:

Pension
ALTRIA GROUP, INC.

8. The following executory contracts of the debtor are rejected:

NONE

9. Property to Be Surrendered to Secured Creditor

NONE

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | Midland Funding LLC | $3,130.93 | Judgment Lien/Residence |
   | IRS | $40,553.55 | Ind. Tax Lien/Residence |
   | Filson Fields Homeowners | $252 | Condo fees Lien/Residence |

11. Title to the Debtor's property shall revest in debtor on confirmation of a plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

   Joint stipulation being sought from IRS and KY Revenue Cabinet regarding delinquent individual taxes. Adversary will be filed if stipulation not obtained.

Date: 01/17/2011        Signature: /s/ Mary Theresa Gravel
                                   MARY THERESA GRAVEL
                                   DEBTOR